IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ron Santa McCray, | ) | C/A No.: 1:10-1615-TLW-SVH |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| Captain McElvogue, | ) | |
| Defendant. | ) | |

Plaintiff, proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated at the Berkeley County Detention Center ("BCDC"). Before the court are the following motions: (1) Defendant's Motion to Dismiss [Entry #19]; and (2) Defendant's Motion for Summary Judgment [Entry #32]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. Because the motions are dispositive, this Report and Recommendation is entered for review by the district judge.

I.      Factual and Procedural Background

Plaintiff filed his complaint on June 24, 2010, alleging that his conditions of confinement at BCDC are unconstitutional [Entry #1]. Specifically, Plaintiff claims: (1) he is denied all opportunities to practice his Muslim religion; (2) BCDC does not have a law library, so he is unable to prepare for upcoming trial dates; (3) he is denied recreation

and fresh air outside; (4) he does not have an opportunity to purchase a reasonable amount of hygiene items; (5) he has acquired a staph infection from the alleged unsanitary conditions at BCDC; and (6) he has to pay $6.50 for a haircut. *Id*.

Defendant filed his motion for summary judgment on March 1, 2011. [Entry #32]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Defendant's motion. [Entry #33]. Plaintiff filed a timely response on March 23, 2011. [Entry #23]. Having carefully considered the parties' submissions and the applicable law, the undersigned recommends that Defendant's motion for summary judgment be granted.[1]

II.    Discussion

  A.    Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by

---

[1] If the district judge accepts the undersigned's recommendation, Defendant's motion to dismiss will be moot.

"citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; " or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    B.    Analysis

        1.    Religious Practice

Plaintiff alleges that he cannot purchase Islamic oils or rugs and complains that Muslims are not allowed to pray together. Plaintiff also claims Muslim representatives or

3

instructors are not permitted to speak with him The rights and protections of the Constitution do not end when a citizen is sentenced to prison. *Turner v. Safley*, 482 U.S. 78, 84 (1987). Imprisonment may limit, but not completely abrogate, a prisoner's right to the free exercise of his religion. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348-49 (1987). However, "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by considerations underlying our penal system." *Price v. Johnson*, 334 U.S. 266, 285 (1948). For that reason, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. at 89. Where prison officials demonstrate that they are pursuing a legitimate governmental objective, and show a "minimally rational relationship between that objective and the means chosen to achieve that objective," the means must be upheld. *Hines v. South Carolina Department of Corrections*, 148 F.3d 353, 358 (4th Cir. 1998).

Here, Defendant Captain McElvogue, BCDC administrator, has demonstrated that the ban on religious oils is related to legitimate penological interests, and has set forth specific security concerns related to religious oils, including the use of oils to thwart officers' attempts to enter cells and restrain inmates and use of containers can be used as weapons. *See* Mot. for Summary Judgment [Entry #32-1 at 7]. Because the restrictions on religious oils are reasonably related to legitimate penological interests, they are not unconstitutional. [Entry #32-3 at ¶ 5]. Additionally, Defendant argues, and Plaintiff has not disputed, that prayer rugs are permitted at BCDC, but are not sold at the commissary.

Plaintiff has also set forth no evidence that he is otherwise prevented from practicing his religion. Finally, although Plaintiff claims he is not permitted to speak to Muslim instructors or representatives, he submitted an affidavit of a fellow inmate who avers that he has been teaching Plaintiff the Muslim way of life since January of 2010. [Entry #35-3 at 2]. Therefore, it is recommended that Defendant be granted summary judgment as to Plaintiff's claim regarding his religious practice.

    2.    Law Library

Plaintiff also complains that BCDC does not have a law library. The Fourth Circuit has ruled that the United States Constitution does not require every local jail to have a law library. *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987); *Barr v. Williamsburg County*, 2007 WL 666793, at *3 (D.S.C. 2007) (holding "county jails and county detention centers are not required to have law libraries."). "[T]he brevity of confinement does not permit sufficient time for prisoners to petition the courts." *Magee*, 810 F.2d at 452.

Additionally, in order to state a claim of denial of access to the courts, a plaintiff must allege that he had been prejudiced in pursuing non-frivolous litigation concerning his conviction or prison conditions. *Lewis v. Casey*, 518 U.S. 343, 350–53 (1996). The right of access to the courts is the "right to bring to court a grievance that the inmate wished to present," and violations of that right occur only when an inmate is "hindered [in] his efforts to pursue a legal claim." *Id.* at 343. In order to make out a prima facie case of denial of access to the courts, the inmate cannot rely on conclusory allegations; he

5

must identify with specificity an actual injury resulting from official conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996); *see also White v. White*, 886 F.2d 721, 723–24 (4th Cir. 1989).  A plaintiff must demonstrate that the defendants caused actual injury, such as the late filing of a court document or the dismissal of an otherwise meritorious claim. *Lewis*, 518 U.S. at 353–54. The actual injury requirement is not satisfied by just any type of frustrated legal claim. Actual injury requires that the inmate demonstrate that his "nonfrivolous" post-conviction or civil rights legal claim has been "frustrated" or "impeded." *Lewis*, 518 U.S. at 353–55.

In this case, Plaintiff alleges that he was denied access to a law library, but fails to provide any specific facts as to how a pending legal case, or any other legal matter, has been adversely affected by his denial of access to legal materials.  Although Plaintiff claims he needs a law library to prepare for upcoming trial dates, he does not provide any detail regarding the courts in which he has trial dates or the types of cases he is litigating.[2] Therefore, Plaintiff has failed to state a cognizable claim for denial of access to the courts and it is recommended that Defendant be granted summary judgment on this claim.

---

[2] To the extent, Plaintiff's complaint contains a request for appointment of cousnel, such request is denied.  There is no right to appointed counsel in § 1983 cases. *Hardwick v. Ault*, 517 F.2d 295 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975).

3.      Outside Recreation

Plaintiff also alleges he is not allowed any fresh air and only receives opportunities for indoor recreation. With regard to challenges to prison regulations concerning recreation, "[c]ourts must look at the totality of the circumstances, including the extent to which the restrictions adversely affect the mental or physical health of the inmate." *Clay v. Miller*, 626 F.2d 345 (4th Cir. 1980) In *Clay*, the Fourth Circuit found that the conditions at a county jail were not unconstitutional because the inmates had daytime access to a day room and there was no showing of a threat to an inmate's physical or mental health. *Id*.

Here, Defendant asserts, and Plaintiff does not deny, that Plaintiff has access to a day room that provides room for out-of-cell exercise. [Entry #32-3 at ¶¶ 10–11]. According to Defendant, the day room measures 89 feet by 80 feet, which is larger than the day room at issue in *Clay*. *Id*. Additionally, although Plaintiff argues that his muscles, immune system, and self-confidence have diminished as a result of being denied outside recreation [Entry #35 at 8], he has failed to submit any evidence in support of these allegations.  Therefore, based on the record presented, the undersigned recommends Defendant be granted summary judgment on Plaintiff's claim for outside recreation.

4.      Availability of Hygiene Items

In his complaint, Plaintiff alleges he is not given an opportunity to order a reasonable amount of hygiene items.  Attached to Defendant's memorandum are 44 pages of records of Plaintiff's frequent purchases of hygiene items from the commissary [Entry

#32-2]. In response, Plaintiff states that there was a two-week period when commissary privileges were denied due to another inmate's breaking of a window. [Entry #35 at 6]. Plaintiff alleges that he was treating a staph infection at this time that escalated without the unspecified hygiene items needed to treat it. *Id.* However, Plaintiff has submitted no medical documentation that his staph infection worsened at this time, or that hygiene items from the commissary would have helped his staph infection. Therefore, the undersigned recommends Defendant be granted summary judgment on Plaintiff's claim that he was denied an opportunity to purchase adequate hygiene items.

5.     Unsanitary Conditions

Plaintiff also alleges that there is mold and dust at BCDC, and that he is suffering from chronic sneezing as a result. [Entry #35 at 4]. Additionally, Plaintiff alleges he suffers from a staph infection that causes a "nagging itch" that sometimes wakes him up at night.

Although prisoners retain many constitutional rights, it has been recognized that incarceration inherently limits certain constitutional rights of prisoners. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). The United States Supreme Court has held that prison officials have a duty under the Eighth Amendment and county detention centers have a duty under the Fourteenth Amendment to provide humane conditions of confinement: they must ensure adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee the safety of inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Plaintiff's conclusory allegations that he has sustained injuries

such as chronic sneezing and a staph infection as a result of the conditions of his confinement are unsubstantiated and cannot survive summary judgment.

In order to state a viable conditions-of-confinement claim, an inmate must show that: (1) the conditions were objectively serious enough to pose a substantial risk of serious harm; and (2) that the prison official's state of mind was one of "deliberate indifference." *Farmer*, 511 U.S. at 834.  In *Strickler v. Waters*, 989 F.2d 1375 (4th Cir. 1993) the Fourth Circuit explained that an inmate complaining about prison conditions must show that the challenged conditions resulted in a serious deprivation of a basic human need which, in turn, resulted in serious or significant harm.  The Prison Litigation Reform Act ("PLRA") of 1996 also placed an important limitation upon all actions arising from prison conditions, requiring proof of "physical injury" arising from the allegedly unconstitutional condition.  Under 42 U.S.C. § 1997e(e) no recovery of monetary damages is allowed for emotional stress: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Although Plaintiff has alleged physical injury, he has provided no evidence of such injuries, such as medical records.  Additionally, Plaintiff has not alleged that Defendant knew of Plaintiff's alleged injury, and therefore has not shown that Defendant acted with deliberate indifference. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (dismissal of claim proper where inmate relied on conclusory allegations and failed to identify any actual injury).

Thus, because Plaintiff has failed to set forth evidence that he has suffered injury or that Defendant acted with deliberate indifference, Plaintiff cannot demonstrate a constitution deprivation. For these reasons, Plaintiff's conditions of confinement claim based on alleged mold and dust cannot survive summary judgment.[3]

6.     Haircuts

Plaintiff complains that he has to pay $6.50 for a haircut at BCDC. In his response to summary judgment, he states that he has to pay whether an outside service or a fellow inmate performs the haircut. No other facts are alleged. Plaintiff fails to demonstrate how being charged for a haircut is a violation of his constitutional rights. It is recommended that Defendant be granted summary judgment with regard to Plaintiff's complaint about paying for haircuts.

III.    Conclusion

For the foregoing reasons, it is recommended that Defendant's Motion for Summary Judgment [Entry #32] be granted and this case be dismissed in its entirety. If the district judge accepts this recommendation, Defendant's Motion to Dismiss [Entry #19] will be rendered moot.

---

[3] To the extent that Plaintiff's allegations can be construed as a claim of deliberate indifference to a serious medical need, Plaintiff's claim must also fail. Plaintiff has not alleged that Defendant denied him access to medical care. Additionally, Plaintiff has set forth any evidence, such as medical records, in support of his claims.

    IT IS SO RECOMMENDED.

July 20, 2011                                          Shiva V. Hodges
Florence, South Carolina              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**